# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POTOMAC RIVERKEEPER, INC., | * |
| Plaintiff | * |
| v. | * CIVIL NO. JKB-13-801 |
| MARCELLA M. KLINGER, LLC, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

*I. Background*

On August 8, 2012 (ECF No. 1-2), prior to filing the instant suit in federal court, Plaintiff Potomac Riverkeeper, Inc. ("Riverkeeper") sent a Notice of Intent to Sue ("NOI") letter to Defendant Marcella M. Klinger, LLC ("Klinger"), as required by the Clean Water Act's ("CWA") citizen suit provision, 33 U.S.C. § 1365(b) (mandating that sixty days prior to initiating a civil action against an alleged violator, a citizen must file a notice of intent to sue with the Environmental Protection Agency ("EPA") Administrator, the State in which the violations are alleged to have occurred, and the alleged violator). The Plaintiff filed the complaint in this case in the District Court of Maryland on March 15, 2013. (Compl., ECF No. 1.) The Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 8.) This Court has considered the motion, the Plaintiff's response in opposition (ECF No. 9), and the Defendant's reply thereto. (ECF No. 10.) No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be DENIED.

## II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, *i.e.*, complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of complaint are not true). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Standard for Dismissal under Rule 12(b)(6)

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to

dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV. *Statutory Background*

Congress passed the CWA with the stated purpose of restoration and maintenance of the chemical, physical, and biological integrity of the Nation's waters. 33 U.S.C. § 1251(a). One way in which the Act is designed to meet that end is by prohibiting the discharge of any "pollutant" from a "point source" into the navigable waters of the United States without a National Pollutant Discharge Elimination System ("NPDES") permit. 33 U.S.C. § 1311(a); 33 U.S.C. § 1342. The term "pollutant" covers a range of substances, including "sewage, garbage, sewage sludge … [and] biological materials." 33 U.S.C. § 1362(6). Further, the term "point source" is defined as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). Any discharge of pollutants[1] outside the requirements of an NPDES permit or without a permit is subject to an enforcement action by EPA, States, or private citizens. 33 U.S.C. § 1319(b); 33 U.S.C. § 1365(a)(1). A private citizen, however, may not commence a civil action on his own behalf prior to sixty days after filing a Notice of Intent to Sue ("NOI") letter with the EPA Administrator, the State in which the alleged violation occurs, and any alleged violator. 33 U.S.C. § 1365(b)(1)(A). If after sixty days EPA or the State has not commenced a civil or criminal action to require compliance with the standard,

---

[1] The term "discharge of pollutants" is defined under the Act and includes "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

limitation, or order alleged to have been violated in the NOI letter, the citizen may file suit in federal court.

The specific notice required in citizen suits shall be given in a manner prescribed by EPA regulation. 33 U.S.C. § 1365(b). The corresponding regulation states,

> [n]otice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).

*V. Analysis*

The question to be resolved is whether Plaintiff satisfied the statutory and regulatory notice requirements prior to filing suit.[2] Defendant asserts that the allegations in the Plaintiff's NOI were inadequate to provide it with a reasonable opportunity to attempt compliance and thereby avoid civil suit. Specifically, Defendant asserts that the Plaintiff's complaint alleges materially different violations from those alleged in the NOI letter, and that the NOI letter lacked the necessary specificity as to the dates and locations of the alleged violations. (Klinger Mot. Dismiss 5, ECF No. 8-1.) Analysis begins by considering what notice is required under 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.3(a).

The Fourth Circuit recently considered the adequacy of notice in a CWA suit. *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011)

---

[2] At the outset, Defendant's motion requests relief under Federal Rule of Civil Procedure 12(b)(1) and in the alternative Rule 12(b)(6). Defendant, however, fails to develop any meaningful argument pertaining to Plaintiff's failure to state a claim upon which relief can be granted. In fact, Defendant's motion expresses its desire to raise only the "jurisdictional point by motion." (Klinger Mot. Dismiss 5 n.1, ECF No. 8-1.) While this Court need not address Defendant's position that the CWA statutory notice requirement is "jurisdictional," as noted in the following footnote, it will consider by the current motion only whether Plaintiff filed adequate notice.

4

(finding that the CWA mandates compliance with notice and delay provisions, as does an identical requirement found in the Resource Conservation and Recovery Act) (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989))). In *Gaston Copper*, the Court noted that the notice requirement of the CWA performed the important legislative objectives of allowing government agencies to take the primary responsibility for enforcement of environmental laws and of providing an alleged violator the opportunity to attempt compliance and thereby avoid litigation based on the alleged violations. *Id.* (citing *Hallstrom*, 493 U.S. at 29). Accordingly, the Fourth Circuit held that filing notice, under 33 U.S.C. § 1365(b)(1)(A), is a "mandatory condition precedent to filing suit under the CWA."[3] *Id.* at 399. The Fourth Circuit further held that compliance with the elements of 40 C.F.R. § 135.3(a) is likewise a "mandatory condition precedent to filing suit" under the Act. *Id.* The Court cautioned, however, that it "agree[s] with the cautionary reasoning of other circuits warning against an overly technical application of regulatory requirements." *Id.* at 400. As emphasized by other circuits, "the requirement of adequate notice does not mandate that citizen plaintiffs 'list every specific aspect or detail of every alleged violation.'" *Id.* (citing *Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3rd Cir. 1995); *Waterkeepers Northern California v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir. 2004)). Because Defendant has challenged the adequacy of the NOI letter, this Court now turns to consider the individual elements of 40 C.F.R. § 135.3(a) with which Defendant asserts Plaintiff's NOI letter fails to comply.

Plaintiff's NOI letter identifies the activity alleged to constitute a CWA violation and the location of that violation in the following way,

---

[3] It is worth noting that this Court will not take a position regarding whether the statutory notice requirement of 33 U.S.C. § 1365(b)(1)(A) implicates the subject matter jurisdiction of the court, as the Fourth Circuit expressly declined to decide whether § 1365(b)(1)(A) is "jurisdictional in the strict sense of the term." *Gaston Copper*, 629 F.3d at 400 (citing *Hallstrom*, 493 U.S. at 31). But in this case, the outcome would be the same whether this statutory section is jurisdictional or not because of the Court's conclusion that Plaintiff's NOI letter complied with the statute and corresponding regulation.

> [t]he sump pipes which drain the Park's septic tank field lead to a culvert which flows into a nearby wetlands through a channel that flows through and out of the wetland into the Conococheague. Thus, the path of sewage, from the septic tanks through the pipes, culvert, and channel to the Creek constitutes a point source under the CWA.

(Compl. Ex. A, ECF No. 1-2.) Plaintiff's complaint identifies the same using the following language,

> [t]hese tanks leak sewage into a perched water table below the Park. From there, the sewage flows along a number of drain tiles, which emerge from the ground either through a pipe emerging from the Park at the top of a neighbor's property or at the point of a culvert underneath Walnut Point West Road. The culvert then drains flowing water down a channel into a wetlands owned by Doug Gaylore. Once in the wetlands, the sewage flows into the Creek through several entrance points, including a natural channel. The wetlands physically abut the Creek for at least a short distance. The distance from the culvert to the Creek is around 0.27 miles. Thus, the path of the sewage, from the septic tanks through the drain tiles, culvert, and channel to the Creek, constitutes a point source under the CWA.

(Compl. ¶ 24.)

### A. *Activity Alleged to Constitute a Violation*

Defendant first asserts that the allegations in the NOI letter failed to provide it with enough information to identify the "activity alleged to constitute a violation" of the Act. *See* 40 C.F.R. § 135.3(a). More precisely, Defendant contends that Plaintiff's complaint asserts a materially different activity from that asserted in its NOI letter, and therefore, Defendant never received notice of the allegations in the complaint. (Klinger Mot. Dismiss 5, ECF No. 8-1.) The Court does not agree that Plaintiff's NOI letter should be read so narrowly that it fails to adequately notify the Defendant of the activity later alleged in the complaint.

Defendant's motion scrutinizes Plaintiff's attempts to assert that a single point source discharge of pollutants enters a navigable water of the United States from Defendant's property. Defendant's argument, however, engages in just such an "overly technical application of regulatory requirements" cautioned against by *Gaston Copper*. 629 F.3d at 400. Notice is

6

sufficient if it is reasonably specific and gives the alleged violator enough information to attempt to correct the violation and avert citizen suit. *Id.*; *accord Waterkeepers Northern California*, 375 F.3d at 917. In *Gaston Copper*, the Fourth Circuit held that the district court erred in finding effluent limit violations for certain pollutants because those pollutants were *never mentioned* in the plaintiffs' notice letter. *Id.* at 401. The Court reached the same result on claims of reporting and monitoring violations where the notice letter only alluded to the possibility of such violations, stating "there appear to be instances" where the facility failed to comply with reporting and monitoring requirements. *Id.* at 402. In both instances, the Court found that the notice defects prevented the defendant from identifying or addressing the violations later alleged in the complaint. *Id.* at 401-02.

In the present case, Plaintiff's NOI directs the Defendant to a series of conveyances it alleges constitute a single point source discharge of sewage, including fecal coliform and e. coli. Defendant posits that the Plaintiff's theories detailing the alleged point source discharge differ so materially between its NOI letter and its complaint, that the complaint asserts a wholly new violation. This argument, however, mischaracterizes the function of the statutory and regulatory notice requirement. Unlike *Gaston Copper*, the alleged violation in this case does not stem from a discharge already designated as a point source under the Act. Accordingly, the merits of Plaintiff's claim will depend upon ultimately proving that there is a discharge from Defendant's property and it is in fact from a "point source." Plaintiff is not, however, beholden to make this showing in its NOI letter to Defendant. Citizens are not required to list each specific aspect or detail of an alleged violation in an NOI letter; they need only provide enough information to enable the recipient to attempt to correct the violation. *Id.* at 400. Thus, Defendant's focus on Plaintiff's theories as to the precise mechanism of the point source discharge is inapposite to a

7

review of the statutory and regulatory notice requirement. Plaintiff, after all, need not "list every specific aspect or detail of [the] alleged violation" in its NOI letter to Defendant. *See id.* Regardless of whether Plaintiff can ultimately prove the alleged discharge, Plaintiff's NOI letter and complaint each allege the same violation, that Defendant's septic tanks are failing and sewage from those tanks is discharging as a point source from Defendant's property. This Court is satisfied that Plaintiff's NOI letter provided Defendant with enough information to identify and attempt to correct this alleged violation. The statute and regulation require no more.

### B. *Location of the Alleged Violation*

Defendant's motion similarly challenges Plaintiff's NOI letter by arguing that it fails to direct Defendant to the location of the alleged violation. *See* 40 C.F.R. § 135.3(a). Specifically, Defendant argues that Plaintiff's notice failed to identify precisely which septic tank or tanks are allegedly discharging pollutants. (Klinger Mot. Dismiss 12, ECF No. 8-1.) Again, however, Defendant has engaged in an "overly technical application of regulatory requirements." *See Gaston Copper*, 629 F.3d at 400. Several cases in this circuit have considered the adequacy of notice with respect to identifying the "location of the alleged violation." *Compare Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 439 (D. Md. 2010) (finding a notice letter identifying the location of the alleged violation only as "Hudson Farm" was sufficient under the regulation because the farm was a "concentrated animal feeding operation" and therefore designated as a point source for an existing NPDES permit); *with Chesapeake Bay Foundation, Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 621-22 (D. Md. 2011) (finding a notice letter merely naming "Sparrows Point," a facility including twenty-two different NPDES permitted discharge points, failed to identify with reasonable specificity the location of the alleged violation).

The present case is distinguishable from *Sparrows Point* and *Assateague Coastkeeper* because Plaintiff has alleged an unpermitted discharge of pollutants rather than a violation of an existing NPDES permit. Therefore, as discussed above, the merits of Plaintiff's claim will depend upon ultimately proving the alleged point source discharge of sewage. Yet, this Court will not decide the merits of Plaintiff's claims based on the contents of its NOI letter. Plaintiff need only identify with reasonable specificity the location of the point source at issue so that Defendant may attempt to correct the alleged violation. *Gaston Copper*, 629 F.3d at 400. Accordingly, the location at issue is the series of conveyances Plaintiff alleges meet the definition of a "point source" under 33 U.S.C. § 1632(14). Thus, Plaintiff's NOI letter need not identify specifically which septic tanks on Defendant's property are discharging sewage. After all, Plaintiff does not have the right to enter Defendant's property to investigate. The purpose of the statutory and regulatory notice requirement is to give the alleged violator, *Defendant*, the opportunity to investigate and alleviate any alleged violations. Plaintiff's NOI letter sufficiently directs Defendant to the location of the alleged violation because it describes the series of conveyances alleged to constitute the point source discharge of pollutants.

## C. *Date or Dates of Such Violation*

Finally, Defendant argues that Plaintiff's NOI fails to identify the date or dates of the alleged violations, as required by 40 C.F.R. § 135.3(a). (Klinger Mot. Dismiss 11, ECF No. 8-1.) This argument is quickly dispelled. In this circuit, it is sufficient to allege ongoing violations relating to the pollutant discharges identified in a notice letter. *See Gaston Copper*, 629 F.3d at 401. Plaintiff's NOI letter states, "[o]ur investigations have revealed that this point source has been carrying pollutants to the Conococheague on a continuous, ongoing basis, dating back at least to July 2011 … these pollutants include fecal coliform and e. coli." (Compl. Ex. A, ECF

No. 1-2.) Accordingly, Plaintiff has met its statutory and regulatory burden as to discharges of fecal coliform and e. coli occurring after July, 2011.

## VI. *Conclusion*

The Court, therefore, concludes that Plaintiff's NOI letter has satisfied the requirements of 33 U.S.C. § 1365 (b)(1)(A) and 40 C.F.R. § 135.3(a). The motion is hereby DENIED.

DATED this 1st day of October, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge